IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SBG MANAGEMENT SERVICES, INC.,　:　　　CIVIL ACTION
et al.　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　 :
　　　　v.　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　 :　　　NO. 17-4102
CITY OF PHILADELPHIA　　　　　 :

MEMORANDUM

Bartle, J.                                    August 22, 2018

Before the Court is the motion of the defendant the City of Philadelphia for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This is an action under 42 U.S.C. § 1983 brought by seven landlords and their agent against the City of Philadelphia alleging that Pennsylvania law as well as the practices and procedures used by the City for imposing liens on their properties for unpaid gas bills violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. In addition, the plaintiffs aver that the City's methodology for calculating interest on unpaid gas bills, its imposition of interest on the debts, and its application of payments to overdue gas accounts violates several Pennsylvania state laws and regulations.

Seven of the eight plaintiffs in this action are landlords who own residential properties in Philadelphia. These seven landlord plaintiffs are Elrae Garden Realty Co., LP,

Fairmount Garden Realty, Co., LP, Fern Rock Garden Realty Co., LP, Marchwood Garden Realty Co., LP, Marshall Square Realty Co., LP, Oak Lane Garden Realty Co., LP, and Simon Garden Realty Co., LP (collectively "the landlord plaintiffs").  The eighth plaintiff, SBG Management Services, Inc. ("SBG"), is the agent of the landlord plaintiffs.  SBG is a property management company that manages the day-to-day operations of the residential properties owned by the landlord plaintiffs.

The defendant, the City of Philadelphia, provides gas services to the landlord plaintiffs through its public utility, Philadelphia Gas Works ("PGW").  PGW is a gas distribution operation regulated by the Public Utility Code, 66 Pa. Const. Stat. §§ 2212, et seq.  It has supplied gas services to the landlord plaintiffs since the late 1990s.

I

Plaintiffs filed the instant complaint against the City of Philadelphia on August 13, 2017.  On December 18, 2017[1] the City filed its answer and counterclaims under state law for accounting, breach of contract, unjust enrichment, and receivership against all eight plaintiffs, as well as negligence against SBG.

---

1.  Default was entered against the City on November 13, 2017. Upon the stipulation of the parties, the court vacated the default on November 17, 2017.

Before the close of discovery, the City filed on April 18, 2018 the instant motion for summary judgment on the ground that the statute of limitations for the plaintiffs' claims has run. Meanwhile, while the motion was pending, the City notified the court of a potentially-relevant matter on appeal before our Court of Appeals, Augustin v. City of Philadelphia, Civ. No. 14-4238, Doc. # 105 (Jan. 4, 2017). During a telephone conference, the court informed the parties that it would wait for the decision from the Court of Appeals before deciding the instant motion of the City for summary judgment.

On July 18, 2018 the Court of Appeals handed down Augustin v. City of Philadelphia, 897 F.3d 142 (3d Cir. 2018). This court ordered the parties to file supplemental briefs addressing the relevance, if any, of that decision to the instant action and the parties have done so.

II

The decision of our Court of Appeals in Augustin v. City of Philadelphia, 897 F.3d 142 (3d Cir. 2018) is directly on point with respect to plaintiffs' claim under § 1983 for violation of due process. There is no dispute that plaintiffs are members of a certified class of plaintiffs defined in Augustin. Id. at 147—49. The class is defined as:

> All owners of rental properties within the
> City of Philadelphia whose property is or will
> be encumbered by a municipal lien to enforce
> unpaid charges for natural gas service, where
> such service, according to the records of the
> Philadelphia Gas Works, was provided to a
> residential or commercial gas service customer
> other than the property owner, excluding
> however, any owner who was a party in a state
> court <u>scire</u> <u>facias</u> proceeding regarding such
> lien initiated under Article 3 of the
> Pennsylvania Municipal Claims and Tax Lien
> Act, 53 Pa. Const. Stat. §§ 7182, et seq. if a
> final judgment in such proceeding was entered.

<u>Id.</u> at 147—48.[2] Furthermore, the Court of Appeals in <u>Augustin</u> instructed that its decision "binds absent class members[.]"

<u>Id.</u> at 153 n. 5. In <u>Augustin</u>, the Court of Appeals held that the City's method of imposing liens on properties with unpaid gas debts did not violate the landlords' procedural due process rights.

<u>Id.</u> at 150. Thus, plaintiffs' claim here under § 1983 has been resolved. As the agent of the landlord plaintiffs, this claim as it pertains to SBG is also resolved by <u>Augustin</u>.

The pleadings in this action are closed. Even accepting all of plaintiffs' factual allegations as true, <u>Augustin</u> controls here. Accordingly, we will enter judgment on the pleadings

---

2. Plaintiffs Oak Lane, Fern Rock, and Elrae Garden were parties to state court <u>scire</u> <u>facias</u> proceedings initiated by the City on July 12, 2012 in the Court of Common Pleas of Philadelphia County. However, it is undisputed that a final judgment has not been entered in any of those respective proceedings.

pursuant to Rule 12(c)[3] of the Federal Rules of Civil Procedure in favor of the City and against the plaintiffs on this § 1983 claim for violation of due process.

III

The remainder of plaintiffs' claims allege violations of state law and regulations.  Specifically, plaintiffs aver that defendants' methodology of calculating interest on overdue bills and its application of late payments to overdue accounts violates Pennsylvania statutes including 42 Pa. Const. Stat. § 8104 and 66 Pa. Const. Stat. § 1303, and does not conform with state regulations, including 52 Pa. Code §§ 56.22 & 56.24. Plaintiffs' federal claim challenging the City's lien practices has been resolved and only state law claims remain.  Defendant's counterclaims are also alleged under Pennsylvania law.

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3) we will dismiss plaintiffs' remaining state law claims and defendant's counterclaims without prejudice to the right of the parties to reassert those claims in the appropriate forum.

---

3.  Rule 12(c) provides that "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).